Perry C. Wander, Esq. (Bar No. 102523)
LAW OFFICES OF PERRY C. WANDER
9300 Wilshire Boulevard, Suite 508
Beverly Hills, California 90212
Telephone: (310) 274-9985
Facsimile: (310) 461-1212
Email: pcwlaw@msn.com

Attorney for Plaintiff Nashali Rodriquez

**FILED**
MAR 12 2026
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT FOR THE

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>CARLOS BRITO<br><br>   DEBTOR,<br>_____<br><br>NASHALI RODRIGUEZ,<br><br>   PLAINTIFF,<br><br>   vs.<br><br>CARLOS BRITO,<br><br>   DEFENDANT. | CASE NO. **2:25-BK-21103-WB**<br><br>Adversary Case No.:<br><br>Chapter 13<br><br>**COMPLAINT FOR DETERMINATION OF NON-DISCHARGEABLE DEBT BASED ON FRAUD BY THE DEBTOR [Bankruptcy Code § 523(a)(2) (A)]** |

ADVERSARIAL COMPLAINT
-1-

Plaintiff Nashali Rodriquez ("Plaintiff") is a creditor of the debtor Carlos Brito, ("Debtor") ("Defendant").

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. This adversary proceeding arises under 11 U.S.C. §523(a)(2)(A) of the United States Bankruptcy Code.

3. This is a core proceeding under 28 U.S.C. §157(b)(2)(I) (determinations of discharge ability).

4. Venue is proper in the Central District of California under 28 U.S.C. §1409 because the underlying bankruptcy case is pending in this district.

## II.  PARTIES

5. Plaintiff Nashali Rodriguez ("Plaintiff") is an individual residing in the County of Los Angeles, State of California. At all relevant times, Plaintiff was and remains the rightful beneficial owner of the real property that is the subject of this action. Plaintiff acquired the Property on or about October 25, 2019, and brings this action to quiet title in her name.

6. Defendant Carlos Brito is and was, at all relevant times, a resident of Los Angeles County, California, and the debtor in the Chapter 13 case currently pending before this Court. Defendant is acting as Debtor-in-Possession in the above-captioned Chapter 13 case.

7. At all relevant times, defendant Brito acted as a CA licensed real estate agent and represented Plaintiff as her fiduciary in connection with the purchase of a single family home (the "property". Plaintiff alleges, that Carlos breached his fiduciary duties to Plaintiff by orchestrating and participating in a fraudulent scheme to misuse Plaintiff's credit, misrepresent the nature of the transaction, and induce Plaintiff to transfer title to the Property without consideration. Carlos acted at all relevant times an agent and representative of Defendant BHH Affiliates LLC d/b/a Berkshire Hathaway HomeServices, a real estate brokerage firm.

ADVERSARIAL COMPLAINT
-2-

## III. GENERAL FACTS

9. Plaintiff filed a Verified Complaint against defendant Carlos Brito and his co-conspirators Pedro and Stelle Guzman in the Los Angeles Superior Court, Alhambra District on July 28, 2025 as Case No. 25NNCV05170. The causes of action pled are for Quiet Title, Promissory Fraud, Rescission, Breach Of Fiduciary Duty, Conspiracy, Constructive Trust, Unjust Enrichment, and Preliminary Injunction. The case is currently pending between the parties, and stayed as to defendant Brito due to the bankruptcy filing herein.

10. This case arises from a real estate fraud devised by defendant Brito a licensed California real estate agent who represented Plaintiff, a financially responsible, naïve young woman by leveraging her high FICO credit standing and first-time homebuyer status to acquire residential property under the false promise of joint ownership and profit-sharing. The fraud culminated in Plaintiff's wrongful ouster from the title, destruction of her credit due to the defendants failing to pay the mortgages resulting in two foreclosures, and Defendants' unjust retention of the Property while paying no rent, taxes, insurance or making payments on the mortgages while living there.

11. This case involves the residential property located at 1211 E Lexington Street, Pasadena, CA 91104 (the "Property").

12. The Property is designated in the Los Angeles County Recorder's Office as APN 5849-015-009, and legally described as follows: The Easterly 5 Feet of Lot 8 and The Westerly of Lot 9 of Britton's Tract, as per Map Recovered in the Book 13 Page 5 on Maps, in the Office of the County Recorder of Said County.

13. In or around 2019, Plaintiff, then a 22-year-old first-time homebuyer with a credit score of approximately 783, was approached by Defendant Brito with his co-conspirator Pedro Guzman with what he described as a lucrative "investment opportunity". Defendant presented the Property as a joint venture investment in which Plaintiff would use her credit to qualify for a

mortgage loan, live at the Property during renovations, and ultimately share in the profits from resale. Plaintiff was told by defendant Brito that she would be listed on the mortgage and that she would be fully protected and compensated. Defendant Brito acted as the real estate agent and mortgage broker for the purchase and financing of the property.

14. The proposal was especially attractive to Plaintiff, who had worked diligently to maintain excellent credit and was excited about the possibility of early homeownership and financial independence.

15. Defendant Brito was a licensed real estate agent affiliated with Defendant BHH Affiliates LLC d/b/a Berkshire Hathaway HomeServices and encouraged Plaintiff to purchase the property.

16. Defendants Brito made a series of specific oral promises to Plaintiff, in the fall of 2019 including that:

- Plaintiff would be a co-borrower but only temporarily;
- All mortgage, insurance, and tax obligations would be paid by Defendant and his co-conspirators;
- Plaintiff would be refinanced off the loan shortly after closing;
- Plaintiff would receive a portion of the loan proceeds up front;
- She would share 50% of the profits once the Property was sold after renovation.

17. In reliance on these promises, Plaintiff agreed to act to participate. On or about October 25, 2019, title to the Property was conveyed by non-parties Richard Stein and Suzanne Stein to Plaintiff and Defendant Brito via grant deed. The deed was executed and delivered on October 25, 2019, and later recovered and recorded on December 9, 2019, as Instrument No. 20191361894, from Richard Stein and Suzanne Stein to Plaintiff Nashali Rodriguez.

---

ADVERSARIAL COMPLAINT
-4-

18. Plaintiff and defendant Brito were listed as co-borrowers on a mortgage loan in the amount of approximately $612,000. Thereafter, as part of the original sale, a second mortgage in the amount of $88,000 was also procured by defendant Brito, and despite both Plaintiff and defendant Brito both being co-borrowers on the second mortgage, Defendant Brito, and his co-conspirators kept 100% of the loan proceeds from the second mortgage. It is likely that mortgage fraud occurred.

19. As a young and naive first-time homebuyer with exceptional credit, Plaintiff enabled Defendant Brito to obtain favorable financing options that would have otherwise been unavailable to them. Defendant Brito intentionally exploited Plaintiff's eligibility for government-backed incentives including a three percent (3%) down payment, reduced mortgage insurance premiums, tax credits, subsidized interest rates, and access to both state and federal first-time buyer programs. Defendant Brito manipulated these benefits solely for their own financial gain.

20. Despite their promises, Defendant Brito contributed no funds toward the down payment, closing costs, or mortgage. Defendant Brito's intent was never to share ownership or profits, but to shift all financial liability on Plaintiff while reaping the benefits of her credit. Plaintiff was used solely to secure financing for two mortgages based on her credit score at the time of purchase.

21. After closing, Plaintiff moved into the Property as she had been led to believe she would live there during the renovation phase. Plaintiff was overjoyed to be a first time home buyer.

22. Plaintiff was then pressured to vacate the home under the pretext that there was "dust from construction" and that it would be unsafe for her to remain. In truth, there was no meaningful renovation taking place at the time. Plaintiff was gaslit and manipulated into leaving her own home, the home purchased in her name and using her credit, under false pretenses. She reluctantly moved out in reliance on defendants misleading statements. Defendant Brito then moved into the property.

23. Once Plaintiff vacated the home, Pedro and Stelle fully took over the Property and have lived there since, rent-free, despite contributing nothing toward the mortgage, insurance, or taxes. They have made no meaningful payments toward the upkeep or debt obligations on the Property.

24. On March 21, 2020, Plaintiff unknowingly signed a quitclaim deed transferring her interest in the Property to Defendant Brito. This deed was executed and delivered on March 21, 2020, and later recovered and recorded on May 13, 2020, as Instrument No. 20200528288, from Plaintiff Nashali Rodriguez to Defendant Carlos Brito. Plaintiff was told at that time by defendant Brito, the document would remove her name from the 1st and 2nd mortgages on the property.

25. Plaintiff received no consideration for the transfer and was not fully informed of the deed's legal consequences. She understood the transfer to be a temporary measure to facilitate refinancing or renovations, not the transfer of her ownership interest to defendant Brito.

26. Thereafter defendant Brito subsequently transferred the Property to his co-conspirators, Pedro and Stelle Guzman, who had no legal or financial stake in the transaction. The deed was executed and delivered on September 22, 2021, and later recovered and recorded on October 18, 2021, as Instrument No. 20211563788, from Defendant Carlos Brito to Defendants Pedro Guzman and Stelle Guzman. This transfer completed the scheme:

27. As a result, Plaintiff, the sole borrower who qualified for the loan, was removed from the title, left financially exposed, and excluded from the benefits of the investment she was promised. Meanwhile, Defendant continues to reside in the Property without legal or equitable right.

28. The mortgage is now in default and the Property is in foreclosure proceedings. Despite having no ownership interest, Plaintiff remains personally liable on the loan, and her credit score has plummeted from 783 to below 480.

ADVERSARIAL COMPLAINT
-6-

30. Plaintiff has filed a complaint against defendant Brito for fraud with the State of California Department of Real Estate, which is pending before the licensure board.

31. Plaintiff has electronically filed a timely Proof of Claim in this bankruptcy case in the sum of $1,000,000 on February 11, 2026.

32. Plaintiff alleges that the quitclaim deed is void or voidable due to fraud in the inducement, duress, breach of fiduciary duty, and misrepresentation. She seeks to rescind the transfer and quiet title in her name pursuant to Civil Code § 1689 and 3412.

33. All equity, appreciation, and surplus proceeds from the Property are attributable to Plaintiff's participation. But for her credit and cooperation, Defendant Brito could not have acquired or financed the Property on his own, or qualified for a first time buyer mortgage rate and 3% down payment.

34. Plaintiff seeks to cancel the fraudulent deed, quiet title, impose a constructive trust, and enjoin the disbursement of any foreclosure surplus to Defendants. She further requests that any surplus proceeds from the foreclosure be deposited with the Court pending resolution of this action, which the Superior Court has ordered.

35. Plaintiff alleges that the quitclaim deed she signed was presented to her by defendant Brito as a real estate agent who breached his fiduciary duties by this fraudulent scheme. Plaintiff reasonably relied on these misleading statements and was further misled as to the nature of the quitclaim deed, as she thought she was being taken off the mortgages not transferring title.

36. Defendant Brito failed to disclose that she would be entirely removed from title and stripped of all ownership rights without compensation, and he concealed his intent to take full control and ownership of the Property.

37. Defendant Carlos breached his fiduciary duties by concealing material facts, misrepresenting the nature and terms of the investment, inducing Plaintiff to transfer title without consideration, and diverting the benefits of the project solely to themselves. Their scheme operated in concert and relied upon their roles as agent, advisor, and business partner, cloaked in false assurances and bad faith.

38. Plaintiff seeks to quiet title, rescind the fraudulent transfer, and impose a constructive trust and equitable lien over the Property and any surplus proceeds. Plaintiff also requests an order directing that any such surplus due defendant Brito be preserved and either assigned to Plaintiff or deposited with the Bankruptcy Court pending final resolution of this action.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT

## (NONDISCHARGEABILITY – FRAUD 11 U.S.C. §523(a)(2)(A)

39. Plaintiff realleges and incorporates paragraphs 1–35 as if set forth herein.

40. Under 11 U.S.C. §523(a)(2)(A), a debt obtained by false pretenses, false representation, or actual fraud is not dischargeable.

41. Defendant Brito obtained money and/or real property from Plaintiff through intentional misrepresentations and fraudulent concealment relating to the real estate transaction.

42. Plaintiff justifiably relied on Defendant's misrepresentations.

43. Plaintiff suffered damages as a direct result. Accordingly, the debt owed by Defendant to Plaintiff is nondischargeable under §523(a)(2)(A).

44. These statements were false when made by defendant Brito. At the time Defendant made these representations, Defendant knew the statements were false because Defendant intended that Plaintiff rely on these representations in deciding whether to proceed with the purchase transaction.

ADVERSARIAL COMPLAINT
-8-

45. Plaintiff reasonably and justifiably relied on Defendant's representations and omissions in entering into the purchase agreement, loan agreements, and quitclaim deed transferring the property to defendant Brito.

46. Plaintiff did not know she had been defrauded until foreclosure proceedings had commenced on the subject property.

47. Defendant Brito, as a licensed real estate agent failed to disclose these material facts, despite having a duty to do so in connection with the real estate transaction.

48. Defendant's conduct constituted false representations, false pretenses, and actual fraud.

49. As a direct and proximate result of Defendant's fraudulent conduct, Plaintiff suffered damages including loss of funds, title impairment, and costs associated with curing the undisclosed encumbrances, in an amount to be proven at trial.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

1. Enter judgment in favor of Plaintiff and against Defendant Brito;
2. Determine that the debt owed by Defendant to Plaintiff in the amount of $1,000,000 plus interest and costs, is NONDISCHARGEABLE pursuant to 11 U.S.C. §523(a)(2)(A);
3. Award Plaintiff costs of suit and reasonable attorneys' fees as permitted by law; and
4. Grant such further relief as the Court deems just and proper.

Dated: March 11, 2026

                LAW OFFICES OF PERRY C. WANDER

                By: /s/*Perry C. Wander*
                Perry C. Wander, Esq.
                Attorney for Plaintiff Nashalie Rodriquez

ADVERSARIAL COMPLAINT
-9-

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 9454 Wilshire Boulevard, Penthouse, Beverly Hills, California 90212, and am employed in the office of a member of the bar of this Court, at whose direction the service was made.

On March 11, 2026, I served the foregoing document described as: **ADVERSARIAL COMPLAINT** on the interested parties in this action:

   X    By placing    the original X true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐(BY MAIL) I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Beverly Hills, California in the ordinary course of business. I am aware that on a motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ (ELECTRONIC MAIL) By causing a true and correct copy of same to be sent by email to the addressee(s).

☐ (FACSIMILE) By causing a true and correct copy of same to be sent by facsimile to the addressee(s).

☐ (PERSONAL SERVICE) By causing such envelope to be delivered by perjury under the laws of the State of California that the above is true and correct.

Executed on March 11, 2026 at Beverly Hills, California.

/s/Perry C. Wander
Perry C. Wander

---

ADVERSARIAL COMPLAINT
-10-

1

**SERVICE LIST**

2

3  Matthew David Resnik, Esq.
   Resnik Hayes Moradi LLP
4  17609 Ventura Blvd, Ste 314
   Encino, CA 91316-5132
5  Email: matt@rhmfirm.com

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADVERSARIAL COMPLAINT
-11-

B2500A (Form 2500A) (12/15)

**RECEIVED**
**MAR 12 2026**
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# United States Bankruptcy Court
## __CENTRAL__ District Of __CALIFORNIA__

In re __CARLOS BRITO__ ,  )  Case No. __2:25-BK-21103-WB__
_____Debtor_____       )
                           )  Chapter __13__
                           )
__NASHALI RODRIGUEZ,__     )
_____Plaintiff_____    )
                           )
       v.                  )  Adv. Proc. No. _____
                           )
__CARLOS BRITO__           )
_____Defendant_____    )

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

    Address of the clerk:
        255 East Temple Street
        Los Angeles, CA 90012

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

    Name and Address of Plaintiff's Attorney:
        Law Offices of Perry C. Wander
        9454 Wilshire Blvd. Penthouse
        Beverly Hills, CA 90212

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

                                                          _____ (Clerk of the Bankruptcy Court)

Date: _____    By: _____(Deputy Clerk)

B2500A (Form 2500A) (12/15)

# CERTIFICATE OF SERVICE

I, _____(name), certify that service of this summons and a copy of the complaint was made _____(date) by:

❑ Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:

❑ Personal Service: By leaving the process with the defendant or with an officer or agent of defendant at:

❑ Residence Service: By leaving the process with the following adult at:

❑ Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

❑ Publication: The defendant was served as follows: [Describe briefly]

❑ State Law: The defendant was served pursuant to the laws of the State of _____, as follows: [Describe briefly]

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date _____    Signature _____

    Print Name: _____

    Business Address: _____

_____

B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Nashali Rodriquez | **DEFENDANTS**<br>Carlos Brito |

RECEIVED
MAR 12 2026
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Perry C. Wander   LAW OFFICES OF PERRY C. WANDER<br>9454 Wilshire Blvd., PH   310-274-9985<br>Beverly Hills, Ca 90212 | ATTORNEYS (If Known)<br>Matthew David Resnik, Esq.<br>Resnik Hayes Moradi LLP<br>17609 Ventura Blvd, Ste 314<br>Encino, CA 91316-5132 |
|---|---|
| **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT FOR DETERMINATION OF NON-DISCHARGEABLE DEBT BASED ON FRAUD BY THE DEBTOR (Bankruptcy Code § 523(a)(2) (

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☑ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 1,000,000 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>CARLOS BRITO | BANKRUPTCY CASE NO.<br>2:25-BK-21103-WB | | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE<br>LOS ANGELES | | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*Perry C. Wander* /s/ | | | |
| DATE<br>3/11/26 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>PERRY C. WANDER | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.